FILED'09 APR 10 15:00USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY RUTH CHAMBERLAIN,                        Civ. No. 08-6164-AA

       Plaintiff,                          OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

Kathryn Tassinari
Brent Wells
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britania I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1    - OPINION AND ORDER

Leisa A. Wolf
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
     Attorneys for defendant

AIKEN, Judge:

Plaintiff Mary R. Chamberlain brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her application for Disability Insurance Benefits (DIB) under Title II of the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

Chamberlain was born in 1939 and completed a high school education. Tr. 75, 94. Between 1985 and 1997 Chamberlain worked as a computer store manager and mobile home park manager. Tr. 89, 102.

Chamberlain alleges disability since July 6, 1997, due to low back pain, leg pain, and feet pain originally caused by a car accident. Tr. 88. Her claim was initially denied and a hearing was held before an Administrative Law Judge (ALJ). The ALJ rendered an unfavorable decision on April 27, 2000. Tr. 21-25. Chamberlain appealed and the case was remanded by the district court for reconsideration of Chamberlain's symptom testimony. Tr. 295.

The ALJ issued a second unfavorable decision on April 26,

2    - OPINION AND ORDER

2005. Tr. 243-57. Chamberlain appealed and the case was remanded a second time for further proceedings to reconsider lay witness testimony, reassess Chamberlain's residual functional capacity (RFC), and obtain additional vocational expert (VE) testimony regarding Chamberlain's ability to perform work in the national economy. Tr. 637-53.

The ALJ issued a third unfavorable decision on February 5, 2008. Tr. 619-34. Chamberlain now seeks judicial review of this decision.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

3   - OPINION AND ORDER

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. In this case, at step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" during the period from her alleged onset date of July 6, 1997, through her last insured date of December 31, 1999. Tr. 621; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff had "the following severe impairment: degenerative disc disease with mild disc bulging." Tr. 621; 20 C.F.R. § 404.1520(c).

At step three, the ALJ found that plaintiff's impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 626; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

At step four, the ALJ evaluates the claimant's RFC and determines whether the claimant can perform past relevant work. 20 C.F.R. § 404.1565. Here, the ALJ found that plaintiff was

4   - OPINION AND ORDER

diagnosed with lumbar strain after the car accident, and that imaging studies during the relevant period showed at most mild to moderate degenerative changes with only mild disc bulging. Tr. 627. Further, the ALJ found plaintiff's complaints of symptoms were not established by any medically determinable impairments, and that plaintiff chose not to take medications that were recommended to her to reduce her symptoms. Tr. 629. Thus, the ALJ found plaintiff had the RFC to perform the full range of light work. Tr. 631. The ALJ also found plaintiff's past relevant work was a computer store manager was light work. Tr. 632. Accordingly, the ALJ found plaintiff's past relevant work as a retail store manager did not require the performance of work-related activities precluded by plaintiff's RFC.

Even though the ALJ found plaintiff was not disabled at step four, she proceeded to step five. At step five, the burden shifts to the Commissioner to establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 416.920(e) and (f). Here, considering plaintiff's age, work experience, and RFC, the ALJ determined that plaintiff can perform jobs existing in significant numbers in the national economy. Tr. 633; 20 C.F.R. §§ 416.960(c) and 416.966. Relying on testimony from the VE, the ALJ found that plaintiff could perform other work, with no significant vocational adjustment on her part, as a food checker, sales clerk, and salesperson in women's apparel and

5   - OPINION AND ORDER

accessories. Tr. 633. Therefore, the ALJ determined that plaintiff was not disabled within the meaning of the Act. Id.

## DISCUSSION

### A. The ALJ Did Not Err in Evaluating Lay Witness Testimony

Plaintiff argues the ALJ erred in her consideration of the statements of plaintiff's daughter. In a written statement, the daughter described that plaintiff would have to stop her normal activity frequently and either shift her position or rest to relieve her back pain. The ALJ considered the daughter's testimony and found it credible to the extent that plaintiff's daughter described what she had observed. Tr. 631. However, the ALJ found plaintiff did not take medications that were recommended to her to reduce her symptoms nor did she seek out significant ongoing treatment, medical or otherwise. Tr. 629. The ALJ found the daughter's observations were during this time period where plaintiff was refusing pain medication, and therefore the ALJ did not include the daughter's statement in the RFC findings.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2002)).

---

[1] This is the same reason cited by the previous ALJ and upheld by the district court to discredit plaintiff's credibility and why the ALJ found unpersuasive plaintiff's testimony about her limitations and inability to perform some of the tasks required in her past job.

6   - OPINION AND ORDER

Such testimony is competent and cannot be disregarded without comment. Id. If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons that are "germane" and "specific" to each witness. Id.

In this case, the ALJ considered plaintiff's daughter's written testimony, but found the behaviors described by her occurred while plaintiff was declining reasonable pain medication. Tr. 631. Plaintiff argues that because Dr. Hansen, a treating physician, stated that "the use or non-use of these [pain] medications in no way affects the amount of pain or level of discomfort that she experiences from this accident related to chronic condition," Tr. 697, the ALJ erred in citing plaintiff's refusal to take pain medication as a reason to discount the daughter's testimony. I disagree.

The statement made by Dr. Hansen was on March 26, 2007 - well past plaintiff's last insured date and the time of plaintiff's daughter's observations. Because this statement was made past plaintiff's last insured date and the ALJ found other evidence that plaintiff was refusing reasonable pain medication recommended to her by other doctors during the relevant period, it was not erroneous for the ALJ to discredit plaintiff's daughter's testimony. Plaintiff's refusal of pain medication is a specific reason germane to the daughter's statements. Therefore, the ALJ did not err.

7   - OPINION AND ORDER

## B. The ALJ Did Not Err at Steps Four and Five

Plaintiff argues the ALJ erred by finding her past relevant work as computer repair store manager as light work. Specifically, plaintiff argues that the ALJ erred in classifying her previous job according to its least demanding function, even though plaintiff claimed she lifted no more than 25-30 pounds every day, which is consistent with medium work.

I agree that it is error for an ALJ to classify an occupation according to the least demanding function. <u>Carmickle v. Comm'r</u>, 533 F.3d 1155, 1166 (2008). However, the ALJ did not make such an error here. At the hearing, the VE explained that plaintiff's job was defined by the Dictionary of Occupational Titles as medium work. Tr. 735. However, the VE testified that plaintiff's job, <u>as plaintiff described it</u>, was more consistent with light work. Tr. 734-35. Therefore, it was reasonable for the ALJ to rely on the VE's testimony and find plaintiff able to do her past relevant work.

Even if the ALJ erred at step four, the ALJ's step five finding was legally sufficient and supported by the record. Plaintiff argues the Commissioner did not meet his burden of proving that plaintiff could perform other work, because plaintiff was over 55, and a higher burden of proof than that for younger claimants applied. I find no error.

Title 20 C.F.R. § 404.1568(d)(4) states:

> If you are closely approaching retirement age (age 60 or older) and you have a severe impairment(s) that limits you to no more than light work, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

Plaintiff argues that because she only repaired computers and worked at a rental store - as compared to a retail store that sells merchandise - performing the jobs identified by the ALJ would require too great of a vocational adjustment, and therefore plaintiff cannot perform other jobs in the national economy.

Because plaintiff turned 60 before her date last insured, the ALJ must find that plaintiff can perform jobs in the national economy that require very little, if any, vocation adjustment. 20 C.F.R. § 404.1568(d)(4). Here, the ALJ relied on the VE's testimony that the jobs of sales clerk and salesperson are in retail sales and would require very little, if any, vocational adjustment from plaintiff's work as a computer store manager, which she performed for nine years. Tr. 739. The ALJ further found that, "it is not credible that a person with experience testing and repairing computer equipment would find the operation of an electronic cash register more than minimally taxing." Tr. 633. The ALJ's finding is substantiated by the record and the VE's testimony and is therefore affirmed.

///

9    - OPINION AND ORDER

CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this __9__ day of April, 2009.

                                            /s/ Ann Aiken
                                            Ann Aiken
                                      United States District Judge